UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20cv22182

GISNET THIMOGENE,

    Plaintiff,

vs.

JC BAKESHOP, INC. and
SHELLY A. POWERS,
    Defendants.
_____/

## COMPLAINT FOR DAMAGES UNDER THE FAIR LABOR STANDARDS ACT

COMES NOW the Plaintiff GISNET THIMOGENE, by and through the undersigned counsel, and hereby sues Defendants JC BAKESHOP, INC. and SHELLY A. POWERS, individually, and alleges:

### JURISDICTION, VENUE, AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff GISNET THIMOGENE is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant JC BAKESHOP, INC. is a Florida corporation, having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for the corporate Defendant, and at all material times was and is engaged in interstate commerce.

4. The individual Defendant SHELLY A. POWERS was and is now the President/Vice-President/Secretary/Treasurer and sole Director of and operates Defendant JC BAKESHOP, INC., making her Plaintiff's employer within the meaning of §203(d) of the Act and, thus, jointly liable for Plaintiff's damages.

## GENERAL ALLEGATIONS

5. Defendant JC BAKESHOP, INC. is a wholesale bakery located at 500 W. 18th Street, Hialeah, Florida.

6. Defendants employed Plaintiff as a baker.

7. Defendants employed Plaintiff from 2013 through the present. Plaintiff's relevant weeks of employment are 138 weeks.

8. Plaintiff was a non-exempt hourly employee that was entitled to the payment of overtime hours at the rate of time and a half his regular rate. However, Plaintiff worked in excess of 40 hours in a week without receiving proper overtime compensation.

9. Defendants' failure to pay Plaintiff is contrary to the provisions of §207(a)(1) of the Act.

10. Defendants' failure to pay was a willful violation of the Act.

11. Plaintiff seeks to recover any unpaid overtime hour at the rate of time and one half of his regular rate and other relief as allowable by law.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME AGAINST ALL DEFENDANTS

12. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-11 above as if fully set forth herein.

13. This action is brought by Plaintiff GISNET THIMOGENE to recover from the Employer

unpaid overtime compensation, as well as an additional amount as liquidated damages, interest, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. §201 et seq., and specifically under the provisions of 29 U.S.C. §207. 29 U.S.C. §207(a)(1), which provides: "No employer shall employ any of his employees ... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

14. Defendant (Inc.) was engaged in interstate commerce as defined in 29 U.S.C. §203(r) and §203(s)(1)(A). Defendant is a wholesale bakery that has more than two employees recurrently engaged in commerce or in the production of goods for commerce by the bakery in the following ways: ordering food products, equipment, and supplies produced or originated out of state, and initiating credit card transactions and handling goods and materials that were moved across state lines. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000.00 per annum. By reason of the foregoing, Defendant JC BAKESHOP, INC.'s business activities involve those which the Fair Labor Standards Act applies. Therefore, this is enterprise coverage.

15. During his employment with Defendant in the relevant weeks, Plaintiff worked 72 hours in a week without receiving overtime compensation at the rate of time and one half his regular rate for every hour he worked in excess of 40 in a workweek. Plaintiff worked six days a week from Sunday to Saturday morning. On Mondays, Plaintiff worked from noon to 2:30 a.m. the following day; on the other days, he worked from 3:00 p.m. to 2:30 a.m. the next day. (After leaving work on Saturday at 2:30 a.m., he did not return to work until Sunday at

3:00 p.m.)

16. The records, if any, concerning the number of hours actually worked by Plaintiff should be in the custody and possession of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff.

17. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

18. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    a. <u>Total amount of alleged unpaid wages</u>:

    Sixty-One Thousand Two Hundred Five Dollars and 76/100 ($61,205.76)

    b. <u>Calculation of such wages</u>:

    Total time of employment: since 2013
    Relevant time of employment: 138 weeks
    Total hours worked weekly: 72 hours
    Total overtime hours worked weekly: 32 hours
    Regular Rate: $9.25/hr x 1.5 = $13.86 O/T rate

    $13.86 O/T rate x 32 O/T hours weekly = $443.52 x 138 weeks = $61,205.76.

    c. <u>Nature of wages (e.g., overtime or straight time)</u>: This amount represents the unpaid overtime.

19. At all times material hereto, Defendants failed to comply with 29 U.S.C. §§201-219 and 29 C.F.R §516.2 and §516.4 et seq. in that Plaintiff worked in excess of the maximum hours provided by the Act but no provision was made by Defendants to properly pay him at the rate of time and one half for all hours worked in excess of forty (40) hours per workweek as provided in the Act.

20. Defendants knew the provisions of the Fair Labor Standards Act concerning the payment of overtime wages, yet showed a willful disregard of same concerning the payment of same and remain owing Plaintiff these overtime wages for the three year period immediately

preceding the filing of this lawsuit. Plaintiff is entitled to recover double damages.

21. Defendant never posted any notices as required by the Fair Labor Standards Act and Federal Law to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the posting requirements of 29 U.S.C. §516.4.

22. During the entire relevant time period during which overtime wages were owed but not paid, the individual Defendant was and is now the President/Vice-President/Secretary/Treasurer and sole director of Defendant JC BAKESHOP, INC. Defendant SHELLY A. POWERS was the Plaintiff's employer in that she acted directly in the interests of Defendant JC BAKESHOP, INC. in relation to its employees, including Plaintiff. Defendant SHELLY A. POWERS had full operational control of the business, provided Plaintiff with his work schedules, and requested him to work overtime hours, and is thus jointly liable with the corporate defendant for Plaintiff's damages.

23. Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States, and remain owing Plaintiff these overtime wages for the time period set forth above.

24. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff against Defendants on the basis of Defendants' willful violations of the Fair Labor Standards Act; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime

compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

WHEREFORE, Plaintiff demands judgment against the Employer for payment at the rate of time and one half for all hours worked in excess of forty (40) per workweek for which she has not been paid, liquidated damages and treble damages, reasonable attorney's fees, pursuant to 29 U.S.C. §201 *et seq.*, and costs of suit, and for all proper relief including pre-judgment interest.

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

_____
JEFFREY P. GALE
Florida Bar No.: 471992

Date: 5-26-2020

## JURY TRIAL REQUEST

Plaintiff demands trial by jury for his overtime claims.

Respectfully submitted.

_____
Jeffrey P. Gale
Florida Bar No.: 0471992
JEFFREY P. GALE, P.A.
9999 N.E. 2nd Avenue, Suite 304
Miami Shores, FL 33138
Tel: (305) 758-4900
Fax: (305) 758-4949
Primary Email: jgale@jeffgalelaw.com
Secondary Email: kgale@jeffgalelaw.com